CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 15 2020

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
FACEBOOK USER ID:

**100001582885340**

THAT IS STORED AT PREMISES
CONTROLLED BY FACEBOOK

Case No. 7:20mj1

**Filed Under Seal**

### APPLICATION FOR ORDER COMMANDING FACEBOOK NOT TO NOTIFY ANY PERSON OF THE EXISTENC OF SEARCH WARRANT

The United States requests that the Court order Facebook not to notify any person (including the subscribers and customers of the account(s) listed in the search warrant) of the existence of the attached search warrant for a period of ninety (90) days.

Facebook is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached search warrant which requires Facebook to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached search warrant relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached search warrant will

seriously jeopardize the investigation in the following ways: giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the search warrant the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Facebook not to disclose the existence or content of the attached search warrant for a period of ninety (90) days except that Facebook may disclose the attached search warrant to an attorney for Facebook for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on January 9, 2020.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

 s/M. Coleman Adams
Assistant United States Attorney
VA State Bar No. 76450
U.S. Attorney's Office
310 First St., S.W., Ste. 906
Roanoke, Virginia 24011
540-857-2250 (phone); 540-857-2614 (fax)
Coleman.Adams@usdoj.gov